UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ISREAL NUNEZ FIGUEROA,<br><br>   Petitioner,<br><br> v.<br><br>JOHN MATTOS, *et al*.,<br><br>   Respondents. | Case No.: 2:26-cv-00184-RFB-MDC<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

  Before the Court is Petitioner Isreal Nunez Figueroa's First Amended Verified Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention at Nevada Southern Detention Center ("NSDC") in the custody of Federal Respondents.

  Petitioner is a noncitizen who has resided in this country for over twenty years after entering without inspection. He was arrested and detained by U.S. Immigration and Customs Enforcement (ICE) agents on December 15, 2025, in Las Vegas, the interior of the country, rather than while arriving through a border or port of entry. See ECF No. 10. In their Response to the Petition, the only basis the government asserts for detaining Petitioner is the government's reimagination of the Immigration and Nationality (INA), specifically 8 U.S.C. § 1225(b)(2)(A), to authorize mandatory detention—without a hearing—of all noncitizens charged with entering the United States without inspection. Respondents concede that this case is controlled by this Court's prior decisions in similar cases and do not offer any reason this Court should not grant the same relief it has granted to dozens of similarly situated noncitizen habeas petitioners. See ECF No. 12 at 2-3; see also Jacobo-Ramirez v. Noem. 2:25-CV-02136-RFB-MDC, 2026 WL 310090, at *1 n.

1 (D. Nev. Feb. 5, 2026) (collecting cases). They state the legal issues are controlled by the Court's recent decisions "and the material facts are not meaningfully distinguishable." See ECF No. 12 at 2. The Court agrees and fully incorporates by reference its holding and findings in Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025), where the Court found the detention of similarly situated noncitizens pursuant to the governments new interpretation of § 1225(b)(2)(A) was unlawful under the INA and Due Process Clause of the Fifth Amendment.

Consistent with its prior decisions, the Court therefore orders Respondents to provide Petitioner a constitutionally adequate bond hearing pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the government bears the burden of establishing an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001). Consistent with its broad equitable authority to fashion a remedy for unlawful detention "as law and justice require," the Court finds that, considering the constitutional injury Petitioner has suffered and continues to suffer due to Respondents' unlawful detention policies, Respondents must provide a bond hearing promptly, no later **February 19, 2026**, or immediately release him from custody. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 10) First Amended Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **February 19, 2026**. The immigration court must create a contemporaneous record of the bond hearing that is available to Petitioner upon request. See, e.g., Rodriguez v. Robbins, 715 F.3d 1127, 1136 (9th Cir. 2013).

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to immediately release Petitioner from detention. The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment

portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner is afforded until **March 26, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **February 19, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **February 20, 2026**. The status report shall detail if and when the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If the bond hearing has not occurred, the status report shall confirm Petitioner's release from detention in compliance with this Order.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment.

**DATED:** February 16, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**